IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02164 |
| | § | |
| ARKEMA INC. and | § | |
| TEAM INDUSTRIAL SERVICES, INC., | § | |
| | § | |
| *Defendants.* | § | (JURY TRIAL DEMANDED) |

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. No. 4:19-CV-02164 |
| v. | § | |
| | § | |
| ARKEMA INC. and TEAM INDUSTRIAL | § | |
| SERVICES, INC., | § | (JURY TRIAL DEMANDED) |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT TEAM INDUSTRIAL SERVICES INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS

TO:     Plaintiff Dorothy Denise Hall, by and through her attorney of record, Katrina Patrick, Law Offices of Katrina Patrick, 6575 West Loop South, Suite 500, Bellaire, Texas 77401.

Defendant Team Industrial Services, Inc., ("Team") by and through its attorneys, Seyfarth

Shaw LLP, hereby submits its (Limited) Responses to Plaintiff's First Set of Interrogatories, First

Request for Production and First Request for Admissions[1] as follows:

## II.
## INTERROGATORIES

### INTERROGATORY NO. 2:

As to Plaintiff, identify (a) whether you paid wages directly to her or paid another entity for her labor and, if the former, which entity paid some or all of Plaintiff's earnings to you, (b) whether you withheld taxes from her earnings and offered her benefits, (c) whether she wore uniforms provided by you, (d) identify each person who had the authority to supervise or direct Plaintiff's work while at ARKEMA INC. naming all such persons and their employer, (e) the person(s) and entity including all Defendants responsible for scheduling her for work each shift, (f) the person(s) and entity including all Defendants responsible for providing her work

---

[1] Plaintiff limited her First Set of Interrogatories to require Defendant Team to respond only to Interrogatory Nos. 2, 3, 5, and 11, limited her First Set of Request for Production to require Defendant Team to respond only to Requests Nos. 1, 2, 57, and 59, and limited her First Request for Admissions to require Defendant Team to respond only to Request Nos. 3, 4, 5, and 10, while Team and Plaintiff engage in mediation scheduled for April 30, 2020. By agreement of Plaintiff and Team, Team will respond to Plaintiff's remaining interrogatories, requests for production, and requests for admission within 30 days of a mediation impasse, pursuant to the Federal Rules of Civil Procedure. Team in no way waives its right to assert objections to those interrogatories, requests for production, and requests for admission.

assignments in whole or part, (g) the person(s) and entity including all Defendants who provided any tools and equipment to Plaintiff naming all such tools and equipment provided by you, e.g., email addresses, parking, computers, printers, badges, etc., (h) whether the type of work Plaintiff performed at Defendant ARKEMA INC. was a regular feature to your business (i) whether Plaintiff was paid by the hour, by the job or some other feature, and (j) whether you had the ability to accept or hire and/or reject or terminate Plaintiff or recommend such.

**RESPONSE:**

Team objects to this interrogatory on the grounds that it is compound and each subpart counts as a discrete interrogatory. *See Dimitrijevic v. TV&C GP Holding Inc.,* 2005 U.S. Dist. LEXIS 41399, at *8 (S.D. Tex. Aug. 24, 2005) (applying the "full and complete" standard to interrogatories and their subparts and finding that the interrogatory subparts at issue "could be fully answered without disclosing the information sought by [the] subparts" and therefore counted as separate interrogatories.)[2] Subject to and without waiving these objections, Team's response to each subpart is contained below.

(a)     Team objects to Interrogatory No. 2(a) on the grounds that it is vague in that "earnings" is not defined such that Team is unable to determine with particularity what information is sought. Team understands this Interrogatory to seek information about Plaintiff's W-2 wage earnings. Team further objects to this Interrogatory on the grounds that it is overbroad and not limited to the relevant subject matter, particularly Plaintiff's assignment at Arkema Inc. and is therefore not proportional to the needs of the case. Specifically, it is not reasonable or practical to require Team to search for and locate information related to wages and earnings, specifically how they were paid, for the (approximately ten) assignments Plaintiff held while employed by Team

---

[2] Team contends that Plaintiff has exceeded the number of interrogatories allowed under the Federal Rules of Civil Procedure. However, for the purpose of mediation, Team agrees to respond to Integratory Nos. 2, 3, 5, and 11. Team, however, does not waive and specifically reserves it right to object to and refuse to answer any additional interrogatories which exceed the number allowed or are otherwise improper under the Federal Rules of Civil Procedure.

2

that are not at issue in this lawsuit. Team has limited its search to Plaintiff's assignment at Arkema Inc.

Subject to and without waiving these objections, Team compensated Plaintiff by the hour for her services performed at Arkema Inc. Team directly issued wage earnings to Plaintiff. Team is the only entity that provided "earnings" to Plaintiff.

(b)      Team objects to Interrogatory No. 2(b) on the grounds that it is overbroad and not limited to the relevant subject matter, particularly Plaintiff's assignment at Arkema Inc. and her wages and benefits after her assignment at Arkema Inc. ended and is therefore not proportional to the needs of the case. Specifically, inquiries related to tax withholdings during Plaintiff's (approximately ten) assignments with Team's clients, other than Plaintiff's assignment at Arkema Inc., have no bearing on this lawsuit. Team has limited its search to Plaintiff's tax withholdings and benefits during her assignment at Arkema Inc. and continued employment with Team thereafter.

Subject to and without waiving these objections, Team withheld applicable taxes from wages paid to Plaintiff and offered her benefits during her assignment at Arkema Inc. and her continued employment with Team thereafter.

(c)      Team objects to Interrogatory No. 2(c) on the grounds that it is overbroad and not limited to the relevant subject matter, particularly Plaintiff's assignment at Arkema Inc. Specifically, it is not reasonable or practical to require Team to search for and locate information related to uniforms for the (approximately ten) assignments held by Plaintiff that are not at issue in this lawsuit. Team has limited its search to Plaintiff's assignment at Arkema Inc.

Subject to and without waiving these objections, Team provided Plaintiff with uniforms as part of her employment and she was permitted to wear those uniforms during her assignment at Arkema Inc.

(d)     Team objects to Interrogatory No. 2(d) on the grounds that it is vague and ambiguous because "direct Plaintiff's work" is undefined such that Team is unable to determine with particularity what information is sought. Team understands this Interrogatory to seek information about individuals from Team who had authority to manage Plaintiff's work at Arkema Inc. Team also objects to this Interrogatory to the extent it calls for information not in its possession, custody or control.

Subject to and without waiving this objection, and based on Team's understanding of this interrogatory, Moses Kormah (American Petroleum "API" Inspector, Site Supervisor, Team) had authority from Team to supervise and manage Plaintiff's work at Arkema Inc.

(e)     Team objects to Interrogatory No. 2(e) on the grounds that it is overbroad and not limited to the relevant subject matter, particularly Plaintiff's assignment at Arkema Inc., and therefore not proportional to the needs of the case. Specifically, inquiries related to the identity of each and every person or entity involved in scheduling Plaintiff for each shift Plaintiff had during her numerous assignments with Team's clients, other than Arkema Inc., over her approximate five year employment have no bearing on this lawsuit.

Subject to and without waiving these objections, Scott McCrary (Inspector, Arkema Inc.), Ronnie McGaughey (Inspector, Arkema Inc.), and Moses Korma (API Inspector, Site Supervisor, Team) scheduled Plaintiff's work during her assignment at Arkema Inc.

(f)     Team objects to Interrogatory No. 2(f) on the grounds that it is vague and ambiguous because "responsible for providing [Plaintiff's] work assignments" is undefined such

4

that Team is unable to determine with particularity what information is sought. Team understands this Interrogatory to seek information about the person or entity who determined whether Plaintiff would be assigned to a particular Team client. Further, Team objects to Interrogatory No. 2(f) on the grounds that it is overbroad and not limited to the relevant subject matter and is therefore not proportional to the needs of the case. Specifically, it is not reasonable or practical to require Team to search for and locate information related to the personnel responsible for assigning Plaintiff to assignment prior to her assignment at Arkema Inc. Team has limited its search to Plaintiff's assignment at Arkema Inc. and her subsequent assignments.

Subject to and without waiving these objections, and based on its understanding of this interrogatory, Shawn Mullins (District Manager, Team), in consultation with operations, account managers, and site managers, is responsible for assigning Plaintiff to Team's clients.

(g)     Team objects to Interrogatory No. 2(g) on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of discrimination and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore not proportional to the needs of the case. Specifically, it is not reasonable or practical and would take Team a significant and disproportionate amount of time and expense to search for and locate information related to each and every tool and piece of equipment that it provided to Plaintiff during her employment with Team over approximately five years, particularly those that were provided to Plaintiff outside of her assignment with Arkema Inc. Team has limited its search to tools and equipment provided by Team to Plaintiff during her assignment at Arkema Inc.

5

Subject to and without waiving these objections, Team provided Plaintiff with equipment and tools for her assignment at Arkema Inc. Team also provided Plaintiff with uniforms and an email account (dorothy.hall@teaminc.com) as part of her employment with Team, and she was permitted to use those items during her assignment at Arkema Inc.

(h)     Team objects to Interrogatory No. 2(h) on the grounds that it is vague and ambiguous in that "regular feature to your business" is undefined such that Team is unable to determine with particularity what information is sought. Team understands this Interrogatory to seek information about the services Team routinely provides to clients.

Subject to and without waiving this objection, and based on its understanding of this interrogatory, the type of work Plaintiff was assigned to perform at Arkema Inc. is the type of services that Team routinely provides to its clients.

(i)     Team objects to Interrogatory No. 2(i) on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of discrimination and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonable or practical and would take Team a significant and disproportionate amount of time and expense to search and locate information related to the method of payment for each of the Plaintiff's (approximately ten) assignments during her employment with Team, especially where the subject matter of this lawsuit concerns Plaintiff's assignment with Arkema, Inc. only. Team has limited its search to information related to Plaintiff's assignment at Arkema Inc. and her assignments thereafter.

6

Subject to and without waiving these objections, Team paid Plaintiff by the hour during her assignment with Arkema Inc. and during her assignments that followed.

(j)     Team objects to Interrogatory No. 2(j) on the grounds that it is vague and ambiguous in that the phrases "accept...Plaintiff" and "reject...Plaintiff" are undefined such that Team is unable to determine with particularity what information is sought. Team understands this Interrogatory to seek information about the hiring and termination of Plaintiff's employment.

Subject to and without waiving this objection, and based on its understanding of this interrogatory, Team had the ability to hire Plaintiff and has the ability to terminate her employment.

**INTERROGATORY NO. 3:**

While working at ARKEMA INC., please identify with specificity any and all claims or complaints made by Plaintiff against either of the Defendants and/or its staff, employees, or agents including but not limited to those dealing with her treatment by other workers including but not limited to Moses Kormah, Adeniyi Buraimoh, and Donald (last name unknown), gender-related, her journal, pay, and promotions setting forth as to each: (i) person receiving the complaint, (ii) the exact nature of the complaint, (iii) all conversations had with Plaintiff about this complaint, (iv) the investigation undertaken as a result of such a complaint, (v) the individuals involved in said complaint including witnesses interviewed, (vi) dates of each such action, and (vii) the details of each investigation.

**RESPONSE:**

Team objects to this interrogatory on the grounds that it is compound and some or all of the subparts count as a discrete interrogatory. *See Dimitrijevic v. TV&C GP Holding Inc.,* 2005 U.S. Dist. LEXIS 41399, at *8 (S.D. Tex. Aug. 24, 2005) (applying the "full and complete" standard to interrogatories and their subparts and finding that the interrogatory subparts at issue "could be fully answered without disclosing the information sought by [the] subparts" and therefore counted as separate interrogatories.) Team further objects to this interrogatory on the grounds that it is vague and ambiguous in that "claims" and "complaints" are not defined such that Team is unable to determine with specificity what information is sought. Moreover, Team objects

to this interrogatory on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Defendant a significant amount of time and expense, to search for and provide every single dissatisfaction, "claim", or "complaint" expressed by Plaintiff, such as communications between Plaintiff's non-supervisory co-workers or communication with her supervisors that have no relation to the claims or defenses at issues. Team has limited its search to known complaints relating to the claims and defenses at issue in this case. Team further objects to this interrogatory to the extent it requests information not in its possession, custody, or control, particularly information related to complaints received by Arkema Inc. or other parties and Arkema Inc.'s decisions, responses, and conversations regarding the same.

Subject to and without waiving these objections, Plaintiff complained to Shawn Mullins (District Manager, Team) that Moses Kormah (API Inspector, Site Supervisor, Team) and Adeniyi Buraimoh (API Inspector, Team) had gone through her personal belongings and made copies of her personal journal: (i) Shawn Mullins, (ii) Plaintiff complained that Mr. Kormah and Mr. Buraimoh had gone through her personal belongings and made copies of her personal journal, (iii) Mr. Kormah and Mr. Adeniyi both had conversations with Plaintiff and denied her allegations; Mr. Mullins also had conversations with Plaintiff about her allegations, (iv) Mr. Mullins, Ken Joiner (Maintenance Superintendent, Arkema Inc.), and Steve Pittman (Reliability Manager, Arkema Inc.) interviewed witnesses Mr. Kormah, Mr. Adeniyi, and Plaintiff, (v) *see* answers

62194609v.2

above contained in this paragraph, (vi) approximately the end of February 2018 - beginning of March 2018, and (vii) as a result of the investigation, it was determined that someone had copied pages of Plaintiff's journal, however, Team (and upon information and belief, Arkema Inc.) could not substantiate Plaintiff's allegations that Mr. Kormah and/or Mr. Adeniyi had taken her journal and made copies.

Plaintiff also reported to Mr. Kormah that Steve Pittman (Reliability Manager for Arkema Inc.) was upset because he overheard an Arkema Inc. employee by the name of "Donald" talking about her. Mr. Kormah escalated the complaint to Ken Joiner (Maintenance Superintendent, Arkema Inc.) (i) Mr. Kormah, (ii) that Mr. Pittman was upset because he overheard an Arkema Inc. employee by the name of "Donald" talking about Plaintiff (iii) all known conversations had with Plaintiff have been described in this paragraph, (iv) Team is unaware of the investigation undertaken by Arkema Inc. as a result of the complaint, (v) *see* answers above contained in this paragraph, (vi) during Plaintiff's assignment at Arkema Inc., and (vii) *see* answers above contained in this paragraph.

**INTERROGATORY NO. 5:**

Identify all persons involved in the decision to separate or remove Plaintiff from employment or assignments at ARKEMA, all reasons for such separation, the date said persons first contemplated separating Plaintiff, who replaced Plaintiff or handled each of her major/essential duties, and list the identity of all evidence (e.g., documents and witnesses) warranting such separation and produce same.

**RESPONSE:**

Team objects to this interrogatory on the grounds that it is compound and each subpart counts as a discrete interrogatory. *See Dimitrijevic v. TV&C GP Holding Inc.,* 2005 U.S. Dist. LEXIS 41399, at *8 (S.D. Tex. Aug. 24, 2005) (applying the "full and complete" standard to interrogatories and their subparts and finding that the interrogatory subparts at issue "could be fully answered without disclosing the information sought by [the] subparts" and therefore counted

9

as separate interrogatories.) Team further objects to this interrogatory on the grounds that it is vague in that "involved in the decision to separate or remove Plaintiff from employment or assignment at ARKEMA" is not defined such that Team is unable to determine with particularity what information is sought.

Subject to and without waiving these objections, in early March 2018, Shawn Mullins, Ken Joiner, and Plaintiff discussed termination of Plaintiff's assignment at Arkema and a reassignment to a different Team client. Plaintiff agreed to a transfer from Arkema Inc., and ultimately Team transferred her to another Team client. Team has not reassigned an employee to fill Plaintiff's Level II Technician role at Arkema Inc.

**INTERROGATORY NO. 11:**

For all persons below, please provide the full name, last known residential address and phone number, job title and duties, the name of their employer from December 1, 2016 to present, work relationship to Plaintiff, and all communications you had with them regarding Plaintiff's claims hereto and employment including removal:

1. Shawn Mullins;
2. Moses Kormah;
3. Adeniyi Buraimoh;
4. Steven Pittman;
5. Ken Joiner;
6. Jeffers Lewis;
7. Chris Mullins;
8. Donald (last name unknown), and
9. Antonio (last name unknown).

**RESPONSE:**

Team objects to this interrogatory on the grounds that it is compound and some or all of the subparts count as separate and discrete interrogatories, and as such, Plaintiff has exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33. *See Dimitrijevic v. TV&C GP Holding Inc.,* 2005 U.S. Dist. LEXIS 41399, at *8 (S.D. Tex. Aug. 24, 2005) (applying the "full and complete" standard to interrogatories and their subparts and finding that the

interrogatory subparts at issue "could be fully answered without disclosing the information sought by [the] subparts" and therefore counted as separate interrogatories.) Team further objects to this interrogatory to the extent it improperly requires Team to marshal all of its evidence. Team further objects to this interrogatory on the grounds that the term "communications" is vague. Team further objects to this interrogatory on the grounds that it seeks information that invades third party privacy rights, including their last known residential address and phone number, job title and duties, the name of their employer from December 1, 2016 to present. Team also objects to this interrogatory because it cannot reasonably identify (let alone describe) each and every conversation or communication that the individuals identified in Interrogatory No. 11 ever had with any employee of Team related to Plaintiff's claims or employment. Team further objects to this interrogatory on the grounds that it seeks information not in the possession or control of Team, particularly as it relates to information about employees of Arkema Inc. Team has limited its search to the individuals specifically identified in Interrogatory No. 11 (1) - (3) who are employees of Team. Further, Team objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Subject to and without waiving these objections, Team's response is contained below:

(1) Shawn Mullins was a District Manager (Team) during Plaintiff's assignment at Arkema Inc. Mr. Mullins was Plaintiff's indirect supervisor and had various conversations with Team about Plaintiff during the course of his employment with Team and in his capacity as Plaintiff's supervisor. Mr. Mullins also had conversations with Team about Plaintiff's accusation

that Moses Kormah and Adeniyi Buraimoh went through her personal belongings and made copies of her journal. Mr. Mullins may only be contacted through the undersigned counsel.

(2)     Moses Kormah was an API Inspector, Site Supervisor (Team) during Plaintiff's assignment at Arkema Inc. Mr. Kormah was Plaintiff's supervisor and had various conversations with Team about Plaintiff during the course of his employment with Team and in his capacity as Plaintiff's supervisor. Mr. Kormah also had conversations with Team about Plaintiff's accusation that he went through her personal belongings and made copies of her journal. Mr. Kormah may only be contacted through the undersigned counsel.

(3)     Adeniyi Buraimoh was an API Inspector (Team) during Plaintiff's assignment at Arkema Inc. Plaintiff provided services in supported of Mr. Buraimoh's Inspector responsibilities. Mr. Buraimoh had various conversations with Team about Plaintiff during the course of his employment with Team. Mr. Buraimoh also had conversations with Team about Plaintiff's accusation that he went through her personal belongings and made copies of her journal. Mr. Buraimoh may only be contacted through the undersigned counsel.

### III.
### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**

Any agreements between Defendants involving retaining Plaintiff as a worker.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that "involving retaining Plaintiff as a worker" is not defined such that Team is unable to determine with particularity what information is sought. Team understands this request to seek any written agreement between Defendants to specifically retain Plaintiff as an employee of Team and/or

assigned worker at Arkema Inc. Subject to and without waiving these objections, Team states that

no responsive document exists.

**REQUEST FOR DOCUMENTS NO. 2:**

Any and all of the following documents relating to the matters made the basis of this lawsuit:

(a) Written statements of witnesses

(b) Notes of interviews with witnesses

(c) Tape recordings of any and all oral statements and/or interviews of witnesses

(d) Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses

(e) Reports regarding the results of any and all investigations

(f) Correspondence received from or sent to Plaintiff

(g) Correspondence received from or sent to Defendants

(h) Correspondence received from or sent to any person other than Defendants' counsel

(i) Documents relating to or evidencing discussions between Plaintiff and Defendants

(j) Documents relating to or evidencing discussions between Defendants and any person other than Defendants' counsel

(k) Documents received from or sent to any person other than Defendants' counsel.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that "matters

made the basis of this lawsuit" is not defined such that Team is unable to determine with

particularity what information is sought. On this basis, Team objects to this request on the grounds

that it fails to describe with reasonable particularity the information sought. Team understands this

request to seek information related to Plaintiff's allegation of sex discrimination, harassment, and

retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex

discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and

Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at

Arkema Inc.). Subject to and without waiving this objection, Team responds to each subpart

below:

(a)     Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege. Team further objects to this request on the grounds that it is vague and ambiguous in that "witnesses" is not defined. Team understands this request to seek information concerning individuals to have been witnesses in investigations performed by Team related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation. Team further objects to this request on the grounds it seeks to have Team search for and/or produce documents not in its possession, custody, or control.

Subject to and without waiving these objections, Team does not have any responsive documents in its possession, custody, or control. Team will supplement this response if it obtains responsive witness statements during the course of this litigation, as required under the Federal Rules of Civil Procedure.

(b)     Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.     Team further objects to this request on the grounds that it is vague and ambiguous in that "witnesses" is not defined. Team understands this request to seek information concerning individuals to have been witnesses in investigations performed by Team related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation.  Team further objects to this request on the grounds it seeks to have Team search for and/or produce documents not in its possession, custody, or control.

14

Subject to and without waiving these objections, Team does not have any responsive documents in its possession, custody, or control. Team will supplement this response if it obtains responsive interview notes related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation during the course of this litigation, as required under the Federal Rules of Civil Procedure.

(c)     Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.  Team further objects to this request on the grounds that it is vague and ambiguous in that "witnesses" is not defined.  Team understands this request to seek information concerning individuals to have been witnesses in investigations performed by Team related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation.   Team further objects to this request on the grounds it seeks to have Team search for and/or produce documents not in its possession, custody, or control.

Subject to and without waiving these objections, Team does not have any responsive documents in its possession, custody, or control. Team will supplement this response if it obtains responsive recordings, related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation during the course of this litigation, as required under the Federal Rules of Civil Procedure.

(d)     Team directs Plaintiff to its responses and objections to Request No. 2(c) and incorporates them as if set forth fully herein.  Subject to and without waiving these objections, Team does not have any responsive documents in its possession, custody, or control. Team will supplement this response if it obtains responsive transcripts, related to Plaintiff's alleged

15

complaints of sex discrimination, harassment, and retaliation during the course of this litigation, as required under the Federal Rules of Civil Procedure.

(e)     Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege. Team further objects to this request on the grounds it seeks to have Team search for and/or produce documents not in its possession, custody, or control.

Subject to and without waiving these objections, Team does not have any responsive documents in its possession, custody, or control. Team will supplement this response if it obtains responsive reports, related to Plaintiff's alleged complaints of sex discrimination, harassment, and retaliation during the course of this litigation, as required under the Federal Rules of Civil Procedure.

(f)     Team has not located any correspondences received from or sent to Plaintiff related to her claims of sex discrimination, harassment, or retaliation in its possession, custody, or control. Team will supplement this response if it obtains responsive correspondences related to Plaintiff's claims of sex discrimination, harassment, or retaliation, as required under the Federal Rules of Civil Procedure.

(g)     Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege. Team further objects to this request to the extent it seeks information not in its possession, custody, or control, particularly

62194609v.2

related to correspondences between Defendant Arkema Inc. and individuals who are not employed by Team.

Subject to and without waiving these objections, Team has not located any correspondences between it and Arkema Inc. related to Plaintiff's claims of sex discrimination, harassment, or retaliation in its possession, custody, or control. Team will supplement this response if it obtains responsive correspondences related to Plaintiff's claims of sex discrimination, harassment, or retaliation, as required under the Federal Rules of Civil Procedure.

(h)     Team objects to this request because it is overbroad, unduly burdensome, not limited to the relevant time period in this case, not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of discrimination and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and not limited to the managers, decision-makers, or alleged harassers at issue in this case, and it is therefore not proportional to the needs of the case. Specifically, it is not reasonable or practical, and would take Team a significant and disproportionate amount of time and expense, to search through every single communication between or among any person other than Defendants' counsel. Counsel for Team is available to meet-and-confer with Plaintiff's counsel about the scope of this request.

(i)     Team objects to this request as duplicative to the extent it seeks information already specified in Request No. 2(f). Team therefore incorporates its responses and objections to Request No. 2(f) as if set forth fully herein.

62194609v.2

(j)     Team objects to this request as duplicative to the extent it seeks information already specified in Request No. 2(g). Team therefore incorporates its responses and objections to Request No. 2(g) as if set forth fully herein.

(k)     Team objects to this request as duplicative to the extent it seeks information already specified in Request No. 2(h). Team therefore incorporates its responses and objections to Request No. 2(h) as if set forth fully herein.

## REQUEST FOR DOCUMENTS NO. 57:

All separation documents, evaluations, disciplinary actions and/or counseling involving Plaintiff.

## RESPONSE:

Team objects to this request on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of discrimination and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.).

Subject to and without waiving these objections, Team directs Plaintiff to documents bates numbered TEAM 000001-000010, comprised of Plaintiff's personnel file.

## REQUEST FOR DOCUMENTS NO. 59:

Any and all documents which support, evidence, relate or otherwise pertain to your responses or claims in the Interrogatories above save for Interrogatory 15.

## RESPONSE:

Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.   Team further objects to this request

62194609v.2

because it is vague and ambiguous and does not describe the documents sought with reasonable particularity. Team further objects to this request because it improperly seeks to require Team to marshal all of its evidence to support its defenses. Team has not yet had an opportunity to conduct adequate discovery in this matter which would enable it to properly and completely respond.

Subject to and without waiving these objections, Team directs Plaintiff to is responses to Plaintiff's First Set of Interrogatories and to documents bates numbered TEAM 000011-000078, comprised of Plaintiff payroll records.

## IV.
## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 3

Admit that ARKEMA INC. paid some part of Plaintiff's earnings, if not all.

### RESPONSE:

Deny.

### REQUEST FOR ADMISSION NO. 4

Admit that ARKEMA INC. had the ability to recommend to you that Plaintiff be removed from working at ARKEMA INC.

### RESPONSE:

Admit.

### REQUEST FOR ADMISSION NO. 5

Admit that ARKEMA INC. requested that Plaintiff be removed from working at ARKEMA INC.

### RESPONSE:

Deny.

### REQUEST FOR ADMISSION NO. 10

Admit that you removed Plaintiff from working at ARKEMA INC. in March of 2018 at the request of ARKEMA INC.'S STAFF.

**RESPONSE:**

Deny.

DATED:  April 27, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By  s/ Vanessa N. Rogers
Timothy M. Watson
State Bar No. 20963575
S.D. of Texas Bar No. 12953
twatson@seyfarth.com
Vanessa N. Rogers
State Bar No. 24118177
S.D. of Texas Bar No. 3479821
vrogers@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone:     (713) 225-2300
Facsimile:     (713) 225-2340

**ATTORNEYS FOR DEFENDANT**
**TEAM INDUSTRIAL SERVICES, INC.**

62194609v.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via e-mail on this 27th day of April, 2020:

Katrina S. Patrick
Law Offices of Katrina Patrick
6575 West Loop South, Suite 500
Bellaire, TX 77401

Justin K. Victor
Greenberg Traurig, LLP
17171 Arch
Philadelphia, PA 19103

Shira R. Yoshor
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

s/ Vanessa N. Rogers
Vanessa N. Rogers

## VERIFICATION

STATE OF TEXAS )
)
COUNTY OF HARRIS )

My name is Shawn Mullins. I am over 18 years of age and am employed by Team Industrial

Services, Inc. I am duly qualified and authorized in all respects to make this verification, have

read the above and foregoing answers to Interrogatories numbers 2, 3, 5, and 11 of Plaintiff's First

Set of Interrogatories and state that the answers to those Interrogatories are true and correct, based

on my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas , on the 24th day
of April, 2020.

_____
(Signature)

Printed Name: Shawn Mullins

JAMIE RUTH SHELBY
Notary Public, State of Texas
Comm. Expires 06-27-2023
Notary ID 132068670

Jamie Ruth Shelby, 4-27-20