IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02164 |
| | § | |
| ARKEMA INC. and | § | |
| TEAM INDUSTRIAL SERVICES, INC., | § | |
| | § | |
| *Defendants.* | § | (JURY TRIAL DEMANDED) |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § | |
| Plaintiff | § § | |
| v. | § § | C.A. No. 4:19-CV-02164 |
| ARKEMA INC. and TEAM INDUSTRIAL SERVICES, INC., | § § § | (JURY TRIAL DEMANDED) |
| Defendants. | § § | |

## DEFENDANT TEAM INDUSTRIAL SERVICES INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS

Defendant Team Industrial Services, Inc. ("Team" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby files these Objections and Response to Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions.[1]

---

[1] Plaintiff limited her First Set of Interrogatories to require Defendant Team to respond only to Interrogatory Nos. 2, 3, 5, and 11, limited her First Set of Request for Production to require Defendant Team to respond only to Requests Nos. 1, 2, 57, and 59, and limited her First Request for Admissions to require Defendant Team to respond only to Request Nos. 3, 4, 5, and 10, prior to mediation on April 30, 2020. The parties were unable to resolve their disputes during mediation. Team and Plaintiff have since agreed to each limit their discovery requests to 50 requests for production and 30 interrogatories (including subparts) inclusive of the discovery already responded to prior to mediation. Plaintiff revised/limited her First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions to the following, and this document serves as Team's objections and response to those revised/limited requests.

DATED: July 1, 2020.

Respectfully submitted,

SEYFARTH SHAW LLP

By:/s Vanessa Rogers
Timothy M. Watson
State Bar No. 20963575
S.D. of Texas Bar No. 12953
twatson@seyfarth.com
Vanessa Rogers
State Bar No. 24118177
S. D. of Texas Bar No. 3479821
vrogers@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

ATTORNEYS FOR DEFENDANT
TEAM INDUSTRIAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via e-mail and certified mail return receipt requested, on this 1st day of July, 2020.

Katrina S. Patrick
Law Offices of Katrina Patrick
6575 West Loop South, Suite 500
Bellaire, TX 77401

Justin K. Victor
Greenberg Traurig, LLP
17171 Arch
Philadelphia, PA 19103

Shira R. Yoshor
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

s/ Vanessa Rogers
Vanessa N. Rogers

64373919v.2

# OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 8:**

During the entirety of the time Plaintiff performed services at ARKEMA INC., please identify all Inspectors and all Team Industrial Service American Petroleum Institute Inspectors including leads who performed work there setting forth as to each: their gender; pay from December 1, 2015 to December 1, 2017 including increases, and immediate supervisor.

**ANSWER:**

Team objects to this interrogatory on the grounds that it exceeds the number of interrogatories that the parties agreed to answer (30 including subparts). Based on the foregoing objection, Team will not provide a response to this interrogatory.

64373919v.2

## OBJECTIONS AND RESPONSES TO REQUEST FOR
## PRODUCTION OF DOCUMENTS

### REQUEST FOR DOCUMENTS NO. 3:

Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by any Defendants in response to Plaintiff or any other person's complaint or acknowledgement of gender discrimination and/or retaliation including but not limited to disciplinary action taken against others, etc.

### RESPONSE:

Team objects to this request on the grounds that it is compound and contains multiple subparts. Team further objects to this request on the grounds that it is vague and ambiguous in that "complaint" and "acknowledgement" are not defined, such that Team is unable to determine with specificity what information is sought. Team further objects to this request to the extent it requests information not in Team's possession, custody, or control, particularly information related to actions taken by Arkema Inc. Moreover, Team objects to this request on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Team a significant amount of time and expense, to search for and provide documents which support, evidence, relate to, or otherwise reflect any and all actions taken by Team or Arkema Inc. "in response to Plaintiff or any other person's complaint of gender discrimination and/or retaliation," particularly as it relates to persons that have no relation to the claims or defenses at issue in this case. Team has

limited its search to known complaints relating to the claims and defenses at issue in this case and Team's response.

Subject to and without waiving these objections, Team responds that after a diligent search and reasonable inquiry, no responsive documents exist that are within Team's possession, custody, or control. Discovery is ongoing and Team reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR DOCUMENTS NO. 4:**

The complete file of Plaintiff including but not limited to any documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that "file" is not defined, such that Team is unable to determine with specificity what information is sought. Team understands this request to seek Plaintiff's personnel records.

Subject to and without waiving these objections, Team directs Plaintiff to documents bates numbered TEAM 000001-000010 and TEAM 000079-000091 comprised of Plaintiff's personnel records.

**REQUEST FOR DOCUMENTS NO. 5:**

Any and all documents not included in the files of Plaintiff which support, evidence, relate or otherwise pertain to her work with Defendant TEAM INDUSTRIAL SERVICES, INC. including, but not limited to, documents relating to or reflecting job performance, awards, bonuses, training, pay, counseling, discipline and/or Plaintiff's separation.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that "the files of Plaintiff" and "otherwise pertain to her work" are not defined, such that Team is unable to determine with specificity what information is sought. Team understands this request to seek Plaintiff's personnel records, which were not otherwise included in her personnel file. Team

6

further objects to this request on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Defendant a significant amount of time and expense, to search for every single document that in any way relates to Plaintiff's employment with Team. Team has limited its search to Plaintiff's personnel records and documents related to the relevant subject matter of this case.

Subject to and without waiving these objections, Team directs Plaintiff documents bates numbered TEAM 000001-000010 and TEAM 000079-000091 comprised of Plaintiff's personnel records, TEAM 000132, comprised of notes related to Plaintiff's assignment at Arkema Inc., and TEAM 000011-000078 and TEAM 000092-000096, comprised of Plaintiff's payroll records.

**REQUEST FOR DOCUMENTS NO. 8:**

Any and all documents submitted to and/or received from the EEOC which concern or relate in any way to Plaintiff's charge of discrimination filed with said agency and all attachments thereto.

**RESPONSE:**

Team directs Plaintiff to documents Bates numbered TEAM 000097-000130, comprised of records received from the EEOC pursuant to the Freedom of Information Act, which includes documents submitted to and/or received from the EEOC related to Plaintiff's Charge of Discrimination against Team, EEOC Charge No. 460-2019-00031.

64373919v.2

**REQUEST FOR DOCUMENTS NO. 9:**

All documents which relate or pertain to the factual basis for any defense, including, without limitation, any affirmative defense, you assert in this civil action.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that it fails to describe the documents sought with reasonable particularity. Team further objects to this request because it improperly seeks to require Team to marshal all of its evidence to support its defenses. Team further objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiving these objections, Team directs Plaintiff to documents bates numbered TEAM 000001- 000130, 132-137.

**REQUEST FOR DOCUMENTS NO. 10:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of gender discrimination and/or retaliation made against Defendant from 2015 to the present.

**RESPONSE:**

Team objects to this request on the grounds that it is compound and contains multiple subparts. Team further objects to this request on the grounds that it is vague and ambiguous in that "complaints", "charges", or "claims" are not defined such that Team is unable to determine with specificity what information is sought. Team understands this request to seek information about any lawsuits, charges of discrimination filed with EEOC or state agency equivalent, and complaints/allegations (both formal and informal) about gender discrimination and/or retaliation against Team. Team further objects to this request to the extent it seeks information or documents

protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team further objects to this request on the grounds that it is overbroad, not reasonably limited in time or geographic location, and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Team a significant amount of time and expense, to search and locate any and all documents which relate or otherwise pertain to any lawsuits, "complaints", "charges", or "claims" of gender discrimination or retaliation made for the past 5 years, particularly when Team employs thousands of employees in 200 locations (in 20 countries). Team has limited its search to lawsuit and charges of discrimination filed with the EEOC or state/local equivalent about gender discrimination and gender-related retaliation in the Houston area in the last five years.

Subject to and without waiving these objections, Team directs Plaintiff to documents filed with this Court or the EEOC related to her claims of gender discrimination and retaliation against Team and documents bates numbered TEAM 000132, comprised of a Charge of Discrimination filed against Team.

**REQUEST FOR DOCUMENTS NO. 11:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims made against the following persons for discrimination, workplace misconduct, or retaliation:

1. Plaintiff

2. Moses Kormah;

3. Adeniyi Buraimoh; and

4.   ==Donald (last name unknown) and for whom Plaintiff complained.==

**RESPONSE:**

Team objects to this request on the grounds that it is compound and contains multiple subparts. Team further objects to this request on the grounds that it is vague and ambiguous in that "complaints", "charges", "claims", or "workplace misconduct" are not defined such that Team is unable to determine with specificity what information is sought. Team understands this request to seek information about any lawsuits, charges of discrimination filed with the EEOC or state/local equivalent, and complaints/allegations (both formal and informal) about unlawful discrimination, conduct, or retaliation. Team further objects to this request on the grounds that it is overbroad, not reasonably limited in time, and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Defendant a significant amount of time and expense, to search and locate any and all documents which relate or otherwise pertain to any "complaints", "charges", or "claims" of discrimination, workplace misconduct, or retaliation made against the four individuals identified, such as "complaints" or "claims" between non-supervisory co-workers. Team further objects to this request to the extent it requests information not in Team's possession, custody, or control, particularly information related to "Donald." Team has limited its search to complaints to Team's Human Resources Department and managers, lawsuits, and charges of discrimination about gender discrimination and retaliation against Team employees Plaintiff, Moses Kormah, and Adeniyi Buraimoh, in their capacity as Team employees.

10

Subject to and without waiving these objections, Team responds that after a diligent search and reasonable inquiry, Team did not locate any responsive documents within its possession, custody, or control. Discovery is ongoing and Team will supplement its response to this request should it discover responsive information.

**REQUEST FOR DOCUMENTS NO. 12:**

Any and all documents related to Plaintiff's separation from Defendant including emails, and correspondence between all Defendants.

**RESPONSE:**

Team objects to this request to the extent it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team has limited its search to responsive documents that are not subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Team further objects to this request on the grounds that it is vague and ambiguous in that "Plaintiff's separation from Defendant" is not defined such that Team is unable to determine with particularity what information is sought, particularly because she is still employed by Team. Team understands this request to seek information related to Plaintiff's assignment termination from Arkema Inc.

Subject to and without waiving these objections, Team responds that after a diligent search and reasonable inquiry, Team did not locate any responsive documents within its possession, custody, or control. Discovery is ongoing and Team will supplement its response to this request should it discover responsive information.

**REQUEST FOR DOCUMENTS NO. 15:**

All documents which support, evidence, relate or otherwise pertain to grievances or complaints that have been expressed or filed either in writing or orally by Plaintiff or others asserting gender discrimination and/or retaliation.

11

**RESPONSE:**

Team objects to this request on the grounds that it is compound and contains multiple subparts. Team further objects to this request on the grounds that it is vague and ambiguous in that "relate", "otherwise pertain", "grievances", "complaints", and "that have been expressed" are not defined such that Team is unable to determine with specificity what information is sought. Team understands this request to seek information about any grievance or complaint (both formal and informal) about gender discrimination or retaliation. Team further objects to this request on the grounds that it is overbroad, not reasonably limited in time or geographic location, and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case. Specifically, it is not reasonably possible or practical and would take Team a significant amount of time and expense, to search and locate any and all documents which relate or otherwise pertain to any "grievances" or "complaints" of gender discrimination or retaliation, particularly when Team employs thousands of employees in 200 locations (in 20 countries).

Subject to and without waiving these objections, Team directs Plaintiff to its objections and responses to Request for Documents No. 10.

**REQUEST FOR DOCUMENTS NO. 16:**

Any and all written or recorded statements of Plaintiff.

**RESPONSE:**

Team objects to this request on the grounds that it is vague and ambiguous in that "statements" is not defined such that Team is unable to determine with particularity what

12

information is sought. Team further objects to this request on the grounds that it is overbroad, not reasonably limited in time, and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case.

Subject to and without waiving these objections, Team responds that after a diligent search and reasonable inquiry, no responsive documents exist that are within Team's possession, custody or control, beyond documents produced by Plaintiff in this lawsuit. Discovery is ongoing and Team will supplement its response to this request should it discover responsive information.

**REQUEST FOR DOCUMENTS NO. 19:**

Any and all documents relating to Plaintiff's work schedule shift, or hours worked with you while performing services at ARKEMA INC.

**RESPONSE:**

Team objects to this request on the grounds that it is compound and contains multiple subparts. Team further objects to this request on the grounds that it is overbroad and not limited to the relevant subject matter (*i.e.*, Plaintiff's allegation of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., Team's response to Plaintiff's complaints of sex discrimination, harassment, and retaliation during her assignment at Arkema Inc., if any, and Team's legitimate, non-discriminatory, non-retaliatory reason for ending Plaintiff's assignment at Arkema Inc.) and is therefore disproportional to the needs of the case.

64373919v.2

Subject to and without waiving this objection, Team directs Plaintiff to documents bates numbered TEAM 000011-000078 and 000092-000096, comprised of Plaintiff payroll records, including those related to her assignment at Arkema Inc.

**REQUEST FOR DOCUMENTS NO. 21:**

Any and all documents relating to any training including but not limited to Title VII, discrimination and retaliation training TEAM INDUSTRIAL SERVICES, INC. provided to its employees during Plaintiff's employment.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 22:**

All reports, notes, depositions, transcriptions, correspondence, or other documents in the custody or control of any expert and prepared by, for, or at the direction of any expert that involve any analysis, examination, testing, or opinions of any expert in consultations or litigation concerning matters that are similar in nature to the incident made the basis of this lawsuit or to the opinions of any expert in this lawsuit.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 24:**

Produce copies of all letters, notes, electronic mail and correspondence of any type you have in your possession from Plaintiff or any agent of yours regarding her employment and/or the matters made the basis of this lawsuit.

14

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

### REQUEST FOR DOCUMENTS NO. 25:

All documents you have subpoenaed from any third party during or in connection with this lawsuit.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

### REQUEST FOR DOCUMENTS NO. 28:

All documents between Defendants concerning the formation of the employment or work relationship involving Plaintiff including during the interview process, the initial on-boarding and including all positions, titles, salaries and benefits sought, discussed, and approved.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

### REQUEST FOR DOCUMENTS NO. 31:

All documents and things you or your attorneys have obtained from anyone who is not a party to this lawsuit relating to the claims and allegations in this proceeding.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

15

**REQUEST FOR DOCUMENTS NO. 33:**

All documents which contain statements by Defendants' employees, representatives, officers, agents, or other individuals that support or negate Plaintiff's claims in this lawsuit.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 34:**

All documents which contain statements by Defendants' employees, representatives, officers, agents, or other individuals that support or negate your defenses in this lawsuit.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 35:**

All documents provided to, reviewed by, relied on or prepared by any individual identified as an expert witness in this case.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 38:**

Any employment agreements between you and Plaintiff or involving Plaintiff.

64373919v.2

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 42:**

All correspondence between you and Plaintiff, or involving or referencing Plaintiff related to matters made the basis of this suit, her separation, her hire, her complaints, and her pay.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 47:**

Each and every piece of correspondence or other indicia of communication between any third-party and you related to this litigation.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 49:**

All contracts or agreements between any expert and any other party or organization concerning any expert's availability to review claims or litigation as an expert in connection with this litigation.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

17

**REQUEST FOR DOCUMENTS NO. 61:**

All documents not called for by any other request for production relating to or referring to Plaintiff's employment or tenure at Defendants, your defenses in this suit and/or the subject matter of this lawsuit.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

**REQUEST FOR DOCUMENTS NO. 65:**

All documents describing all benefits sponsored or provided by Defendants in which Plaintiff participated, such as health insurance plan, life insurance plan, stock option plan, incentive pay plan, bonus plan, retirement plan, deferred income plan or any other benefit plan in which Plaintiff participated or in which Plaintiff was eligible to participate.

**RESPONSE:**

Team objects to this request on the grounds that it exceeds the number of requests that the parties agreed to answer (50 including subparts). Based on the foregoing objection, Team will not provide a response to this request.

18

## RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**

Admit that you have been named properly in this lawsuit as Plaintiff's employer for the purpose of this lawsuit.

**RESPONSE:**

Team admits that it is Plaintiff's employer for purposes of this lawsuit only. Team denies

that it engaged in unlawful conduct or that it should be sued by Plaintiff in this lawsuit.

**REQUEST FOR ADMISSION NO. 2.**

Admit that you have a contractual indemnity agreement under which Defendant's insurance carriers might be liable to satisfy part or all of a judgment for Plaintiff which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment for Plaintiff as may be entered in this action.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 6.**

Admit that you paid Plaintiff an hourly wage.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 7.**

Admit that you withheld taxes from Plaintiff's wages.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 8.**

Admit that you offered Plaintiff benefits.

**RESPONSE:**

Admit.

64373919v.2

**REQUEST FOR ADMISSION NO. 9.**

Admit that you removed Plaintiff from working at ARKEMA INC. in March of 2018.

**RESPONSE:**

Team admits that Plaintiff agreed to being removed from Arkema Inc. in March 2018 and that Team removed Plaintiff from Arkema Inc. in March 2018.

64373919v.2