IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02164 |
| | § | |
| ARKEMA INC. and | § | |
| TEAM INDUSTRIAL SERVICES, INC., | § | |
| | § | |
| Defendants. | § | (JURY TRIAL DEMANDED) |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY DENISE HALL, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:19-CV-02164 |
| ARKEMA INC., et al., | § § § | |
| Defendants. | § | (JURY TRIAL DEMANDED) |

PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES,

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND

FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TEAM INDUSTRIAL SERVICES, INC.

To: Defendant TEAM INDUSTRIAL SERVICES, INC., by and through its counsel of record:

Pursuant to the Federal Rules of Civil Procedure, DOROTHY DENISE HALL, ("Plaintiff" or "Pelt") submits to you, TEAM INDUSTRIAL SERVICES, INC. the following discovery.

As per Rule 33 of the Federal Rules of Civil Procedure, please answer the following interrogatories separately, fully in writing, and under oath. Those answers shall be served upon the undersigned attorneys within thirty (30) days after the date of service of these discovery requests.

As per Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant respond in writing, under oath, to the following Requests for Production of Documents within thirty (30) days of service of this request, and produce and permit inspection and copying of the documents described below as hereinafter designated, at the offices of said attorney. In lieu of producing the documents for inspection, Defendant may forward legible copies to counsel for Plaintiff on or before the date of production.

As per Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant respond under oath to the following Requests for Admission within thirty (30) days after service hereof. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

These discovery requests shall be deemed continuing so as to require supplemental answers if Defendant obtains further information between the time the answers are served and the time of the trial.

# I.
# DEFINITIONS AND INSTRUCTIONS

Except as specifically defined below, the terms used in these discovery requests shall be construed and confined in accordance with the Federal Rules of Civil Procedure, wherever applicable.

The following definitions and instructions are applicable to each discovery request unless otherwise explicitly stated. Any terms not otherwise defined shall be given their plain and ordinary meaning.

A.  **DEFINITIONS**

a.  The term "document" means and includes all written, reported, recorded or graphic matters, however produced or reproduced now or at any time in your possession, custody or control, including, but not limited to, all letters or other correspondence, memoranda, inter-office communications, electronic messaging communications (e-mails), invoices, ledgers, journals, books, records, accounts, pamphlets, voice recordings, reports, surveys, statistical compilations, work papers, data processing cards, computer tapes or printouts, telephone records and notations, invoices, drafts, worksheets, agreements, video tapes, photographs, statements, summaries, options, licenses, contracts, telegrams, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, bank statements, telexes, private wire messages, appraisals, lists, surveys, budgets, financial statements, financial projections, financial calculations, earnest money contracts, confidentiality agreements, notices of wire transfers of funds or other notices, canceled checks, periodicals, treatises, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government agencies, invoices, notes and minutes of meetings of boards of directors, audit committees, financial committees, and executive committees, tax returns, vouchers, powers of attorney, or any other writing or recordings of any kind which does not appear on the original of or on any other copy. Without limitation of the term "control" as set forth above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. If any document requested was, but is no longer, in you possession or subject to your control, state what disposition was made of it, and the proximate date or dates on which such disposition was made.

b.  To identify a document means to state with respect thereto:

   (1) The name of the person who prepared it;
   (2) The name of the person who signed it or over whose name it was issued;
   (3) The name of each person to whom it was addressed and/or distributed;
   (4) The nature and substance of the document with sufficient particularity to enable it to be identified;
   (5) Its date, and if it bears no date, the date when it was prepared;
   (6) The physical location of it and the name of its custodian or custodians;

(7) Whether such document will voluntarily be made available for inspection and copying, and, if so, attach it to the answers to these Interrogatories.

c.  "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, proprietorship, association, governmental body, or other organization or form of legal entity unless the context indicates otherwise.

d.  To identify a person means to state his, her or its full name and last known business address, and if a natural person, his or her last known residential address; the name, address, and telephone number of his or her present employer; employment position presently held by the person; and in the case of a former employee of Defendant TEAM INDUSTRIAL SERVICES, INC. the employment positions held by said former employee; and the date when such employment ceased.

e.  To identify an oral or written communication means to state:

(1) The name of each person or persons who participated in the communication and the name of each person who was present at the time it was made.
(2) By whom each such person was employed and all other persons such person represented or purported to represent in making such oral communications.
(3) The nature and substance of each communication.
(4) The date when and the place where such oral communication was made.
(5) The nature and substance of each document recording or pertaining to such oral communication with sufficient particularity to enable it to be identified.
(6) The physical location of each such document and the name of its custodian or custodians.
(7) Whether such documents will voluntarily be made available for inspection and copying, and, if so, attach it to the answers to these Interrogatories.

f.  The terms "you," "your," or "Defendant(s)" as used herein shall mean Defendant TEAM INDUSTRIAL SERVICES, INC. as well as any associates, servants, agents and clients **(including ARKEMA INC.)**, representatives, and all other persons acting or purporting to act on behalf of Defendant TEAM INDUSTRIAL SERVICES, INC. including an attorney or other representative.

g.  The term "Plaintiff" as used herein shall mean DOROTHY DENISE HALL.

h.  The phrases "matters made the basis of this lawsuit," "incidents in question," "incidents made the basis of this lawsuit," or "occurrence in question" as used herein shall mean all claims and causes of action as more specifically set forth in Plaintiff's Original Complaint and any Amended Complaints.

i.  "EEOC" means the Equal Employment Opportunity Commission.

j.  "Income" means all wages, pay, commissions, income listed on a W-2, bonuses, emoluments and remittances.

k.  "Benefits" or "fringe benefits" means anything of value received, including, but not limited to, life insurance policies or plans, health insurance policies or plans, dental insurance policies or plans, disability insurance policies or plans, paid vacation, paid sick days, paid personal days, severance payments or packages, tuition reimbursement payments or plans, time off or flex time to attend school, courses or classes, company picnics or parties, company retreats, company award programs at resorts that are paid for by the company, below market interest loans, credit union membership, motor vehicles provided, car allowances, annuities, pension payments or plans, matching 401(k) or other type of pension or retirement payments, borrowing privileges against a 401(k) or other pension funds, employee awards or rewards programs, cafeteria plan benefits, programs that permit an employee to receive pay in a manner in which the employee gets tax benefits if the employee uses the income to pay for day care, deductibles on insurance payments, etc., vision payments or plans, country club memberships, club memberships, use of company owned tickets to sporting, musical, or other entertainment events, use of country clubs or other clubs of which the employer is a member, or any other type of perks or perquisites.

l.  "Your attorneys" mean the attorneys hired to represent you, or consult with you about, this lawsuit or any previous labor or employment law matter.

m.  "Your employees" mean any person who was employed by you whether **traditional employee or contractor,** whether employed full-time, part-time, or temporarily. The term "your employees" shall also include anyone who worked for you who was a borrowed employee or provided by a temporary employment agency or company.

n.  "Contractual indemnity agreements" mean any agreement pursuant to which any person or business firm may be liable to pay a sum of money upon the happening of a particular event or contingency, or upon the occurrence of a loss, judgment, peril or risk.

## B. INSTRUCTIONS

Each discovery is to be read, construed and responded to separately and independently without reference to or being limited by any other request.

You may produce documents or records in lieu of your answer or in lieu of part of an answer, provided that all information requested is contained in the document and that you indicate for each such document the discovery to which it is responsive.

The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate so as to bring within the scope of these discovery requests any information or documents which might otherwise be considered beyond their scope.

The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate so as to bring within the scope of these discovery requests any information which might otherwise be considered to be beyond their scope.

If a claim of privilege is asserted with respect to any discovery, in whole or in part, or you refuse to answer any discovery on any other ground, specify the exact basis for your claim and the facts supporting your claim that such discovery need not be answered with sufficient specificity to permit the Court to determine the validity of your objection or position.

If, in answering these discovery requests, you claim any ambiguity in interpreting either the request or any definition or instruction, that claim shall not be used as a basis for refusing to respond. You shall instead set forth as a part of the response the language you claim to be ambiguous and the interpretation chosen or used in responding to the request.

## C. ACCURACY OF INFORMATION

In answering these discovery requests, you are to include in your answers all information known or reasonably available to you.

If you do not have accurate information with respect to any discovery requests or any part thereof, so state and give your best estimate as to the matter inquired about and state why you are unable to answer fully and completely.

## D. OBJECTIONS

If you object to any discovery or any portion thereof on the ground that it requests information that is privileged or is otherwise protected from disclosure, state the nature of the privilege or doctrine you claim; identify the oral communication or document which is responsive to the discovery or any portion thereof but for which privilege or protection from disclosure is claimed, and, describe the subject matter thereof and identify all persons known to you who have seen the document.

> VR Total = 41
> Interrogatories responded to already = 30
> New interrogatories = 11

## II. INTERROGATORIES

**INTERROGATORY NO. 1:**
Detail all work assignments you assigned Plaintiff setting forth as to each: the length of the assignments, name of your clients/companies she was assigned, reasons the assignment ended, all persons involved in her removal or separation, her pay rate and wages earned, all complaints lodged against Plaintiff at each including her performance ~~setting forth the date the claim was made, persons complaining, and all action taken including by you.~~
**ANSWER:**

> VR= 7

**INTERROGATORY NO. 2:**
As to Plaintiff, identify (a) whether you paid wages directly to her or paid another entity for her labor and, if the former, which entity paid some or all of Plaintiff's earnings to you, (b) whether you withheld taxes from her earnings and offered her benefits, (c) whether she wore uniforms provided by you, (d) identify each person who had the authority to supervise or direct Plaintiff's work while at ARKEMA INC. naming all such persons and their employer, (e) the person(s) and entity including all Defendants responsible for scheduling her for work each shift, (f) the person(s) and

5

entity including all Defendants responsible for providing her work assignments in whole or part, (g) the person(s) and entity including all Defendants who provided any tools and equipment to Plaintiff naming all such tools and equipment provided by you, e.g., email addresses, parking, computers, printers, badges, etc., (h) whether the type of work Plaintiff performed at Defendant ARKEMA INC. was a regular feature to your business (i) whether Plaintiff was paid by the hour, by the job or some other feature, and (j) whether you had the ability to accept or hire and/or reject or terminate Plaintiff or recommend such.
**ANSWER:** VR= 10 Already responded to

**INTERROGATORY NO. 3:**
While working at ARKEMA INC., please identify with specificity any and all claims or complaints made by Plaintiff against either of the Defendants and/or its staff, employees, or agents including but not limited to those dealing with her treatment by other workers including but not limited to Moses Kormah, Adeniyi Buraimoh, and Donald (last name unknown), gender-related, her journal, pay, and promotions setting forth as to each: (i) person receiving the complaint, (ii) the exact nature of the complaint, (iii) all conversations had with Plaintiff about this complaint, (iv) the investigation undertaken as a result of such a complaint, (v) the individuals involved in said complaint including witnesses interviewed, (vi) dates of each such action, and (vii) the details of each investigation.
**ANSWER:** VR= 7 Already responded to

**INTERROGATORY NO. 4:**
Identify fully each incident, if any, for which Defendants (one or both) disciplined Plaintiff (orally or in writing), including when the incident made the basis of the disciplinary action is alleged to have occurred, when the disciplinary action ensued, who all decision-makers were, and the exact nature of the alleged occurrence including identifying all evidence (e.g., documents and witnesses) warranting such disciplinary action.
**ANSWER:**

**INTERROGATORY NO. 5:**
Identify all persons involved in the decision to separate or remove Plaintiff from employment or assignments at ARKEMA, all reasons for such separation, the date said persons first contemplated separating Plaintiff, who replaced Plaintiff or handled each of her major/essential duties, and list the identity of all evidence (e.g., documents and witnesses) warranting such separation and produce same.
**ANSWER:** VR= 5 Already responded to

**INTERROGATORY NO. 6:**
From January 1, 2014 to present, identify and describe the nature, source, substance, and disposition or resolution of every claim or complaint — formal or informal, internal or external — that has ever been made at or against TEAM INDUSTRIAL SERVICES, INC. or involving ARKEMA INC.'s workers or worksite for gender discrimination or retaliation.
**ANSWER:**

**INTERROGATORY NO. 7:**

~~Identify every investigation undertaken as a result of the claims or complaints identified in Interrogatory Number 6 above and all such complaints by Plaintiff naming and describing: the specific complaint made; the individuals involved and their roles (e.g., persons who reported, received, and investigated said complaint including management officials and third parties, complainant, witnesses, and the alleged harasser); dates of action; identity of the clients involved; and the details and outcome of each investigation.~~
~~ANSWER:~~

**INTERROGATORY NO. 8:**
During the entirety of the time Plaintiff performed services at ARKEMA INC., please identify all Inspectors and all Team Industrial Service American Petroleum Institute Inspectors including leads who performed work there setting forth as to each: their gender; pay from December 1, 2015 to December 1, 2017 including increases, and immediate supervisor.
**ANSWER:**

VR= 4

~~**INTERROGATORY NO. 9:**~~
~~Identify each person, other than your attorney, with whom you have communicated or from whom you have obtained a statement (whether written, oral, recorded, or otherwise) regarding the claims set forth in Plaintiff's Complaint, including but not limited to any current and former employees, all Defendants to this suit, and/or local, state, or federal government agencies or officials including the Texas Workforce Commission and/or the U.S. Equal Employment Opportunity Commission. For each such person or entity, describe in detail the time and date of the communication/statement, all parties to the communication/statement including the identity of their employer, the subject matter of the communication/statement, any witnesses to the communication/statement, the nature of the communication/statement (i.e., letter, in person, electronic, telephone call, etc.), and all documents related to the communication/statement.~~
~~ANSWER:~~

~~**INTERROGATORY NO. 10:**~~
~~Identify every job offer, new shift, or assignment you or someone on your behalf made to Plaintiff after her assignment ended at ARKEMA INC. to present setting forth as to each:~~
  ~~a) pay;~~
  ~~b) start and end dates of said assignments;~~
  ~~c) the reason the assignment ended; and~~
  ~~d) all decision-makers involved in the assignment ending.~~
~~ANSWER:~~

**INTERROGATORY NO. 11:**
For all persons below, please provide the full name, last known residential address and phone number, job title and duties, the name of their employer from December 1, 2016 to present, work relationship to Plaintiff, and all communications you had with them regarding Plaintiff's claims hereto and employment including removal:
  1. Shawn Mullins;
  2. Moses Kormah;
  3. Adeniyi Buraimoh;
  4. Steven Pittman;

VR= 8
Already responded to

7

<mark>5. Ken Joiner;
6. Jeffers Lewis;
7. Chris Mullins;
8. Donald (last name unknown), and
9. Antonio (last name unknown).</mark>
**ANSWER:**

**INTERROGATORY NO. 12:**
~~Describe all benefits sponsored or provided by Defendant in which Plaintiff participated, such as health insurance plan, life insurance plan, stock option plan, incentive pay plan, bonus plan, retirement plan, deferred income plan or any other benefit plan in which Plaintiff participated or in which Plaintiff was eligible to participate.~~
~~**ANSWER:**~~

**INTERROGATORY NO. 13:**
~~During Plaintiff's entire employment, how much monies did you receive from ARKEMA INC. for your staffing Plaintiff with it.~~
~~**ANSWER:**~~

**INTERROGATORY NO. 14:**
~~Have you been sued in the correct name? If not, please explain fully why you contend the answer is no and identify the correct name.~~
~~**ANSWER:**~~

**INTERROGATORY NO. 15:**
~~State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories setting forth each person's roles and responsibilities in doing such.~~
~~**ANSWER:**~~
*This ends the Interrogatory requests.*

> Total FRPD= 148
> Already responded to = 21
> New = 127

## III.
### REQUEST FOR PRODUCTION OF DOCUMENTS

**FOR EACH PRODUCTION RESPONSE, PLEASE IDENTIFY THE CORRESPONDING REQUEST FOR DOCUMENTS NUMBER.**

**REQUEST FOR DOCUMENTS NO. 1:**
   Any agreements between Defendants involving retaining Plaintiff as a worker.

> VR= 1
> Already responded to

**REQUEST FOR DOCUMENTS NO. 2:**
   Any and all of the following documents relating to the matters made the basis of this lawsuit:
   (a) Written statements of witnesses
   (b) Notes of interviews with witnesses
   (c) Tape recordings of any and all oral statements and/or interviews of witnesses

> VR= 12
> Already responded to

(d) Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses
(e) Reports regarding the results of any and all investigations
(f) Correspondence received from or sent to Plaintiff
(g) Correspondence received from or sent to Defendants
(h) Correspondence received from or sent to any person other than Defendants' counsel
(i) Documents relating to or evidencing discussions between Plaintiff and Defendants
(j) Documents relating to or evidencing discussions between Defendants and any person other than Defendants' counsel
(k) Documents received from or sent to any person other than Defendants' counsel.

**REQUEST FOR DOCUMENTS NO. 3:** VR= 2

Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by any Defendants in response to Plaintiff or any other person's complaint or acknowledgement of gender discrimination and/or retaliation including but not limited to disciplinary action taken against others, etc.

**REQUEST FOR DOCUMENTS NO. 4:** VR= 1

The complete file of Plaintiff including but not limited to any documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time.

**REQUEST FOR DOCUMENTS NO. 5:** VR= 1

Any and all documents not included in the files of Plaintiff which support, evidence, relate or otherwise pertain to her work with Defendant TEAM INDUSTRIAL SERVICES, INC. including, but not limited to, documents relating to or reflecting job performance, awards, bonuses, training, pay, counseling, discipline and/or Plaintiff's separation.

**REQUEST FOR DOCUMENTS NO. 6:** VR= 2

Any and all documents which reflect or set forth the job duties and responsibilities of Plaintiff during her employment or tenure with you.

**REQUEST FOR DOCUMENTS NO. 8:** VR= 1

Any and all documents submitted to and/or received from the EEOC which concern or relate in any way to Plaintiff's charge of discrimination filed with said agency and all attachments thereto.

**REQUEST FOR DOCUMENTS NO.9:** VR= 1

All documents which relate or pertain to the factual basis for any defense, including, without limitation, any affir

**REQUEST FOR DOCUMENTS NO.10:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of gender discrimination and/or retaliation made against Defendant from 2015 to the present.

VR= 4

**REQUEST FOR DOCUMENTS NO.11:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims made against the following persons for discrimination, workplace misconduct, or retaliation:

1. Plaintiff
2. Moses Kormah;
3. Adeniyi Buraimoh; and
4. Donald (last name unknown) and for whom Plaintiff complained.

**REQUEST FOR DOCUMENTS NO.12:**

Any and all documents related to Plaintiff's separation from Defendant including emails, and correspondence between all Defendants.

**REQUEST FOR DOCUMENTS NO.13:**

Any and all notes made by, for, or at the direction of any expert or provided to any expert by anyone (including consulting experts) in connection with this litigation.

**REQUEST FOR DOCUMENTS NO.15:**

All documents which support, evidence, relate or otherwise pertain to grievances or complaints that have been expressed or filed either in writing or orally by Plaintiff or others asserting **gender** discrimination and/or retaliation.

**REQUEST FOR DOCUMENTS NO.16:**

Any and all written or recorded statements of Plaintiff.

**REQUEST FOR DOCUMENTS NO.17:**

Any and all documents which support, evidence, relate or otherwise pertain to your claim that Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior that occurred towards Plaintiff.

**REQUEST FOR DOCUMENTS NO.18:**

Any and all documents, including photographs, video and/or audio recordings that any consultant/expert has reviewed with respect to his/her retention as a consultant/expert in this lawsuit.

**REQUEST FOR DOCUMENTS NO.19:**

Any and all documents relating to Plaintiff's work schedule shift, or hours worked with you while performing services at ARKEMA INC.

**REQUEST FOR DOCUMENTS NO.20:**

Produce a list, in conformance with Fed.R.Civ.P. 26(b)(5), of all documents, communications, or things which Defendant is withholding from disclosure or discovery pursuant to a claim of privilege or a claim of protection of trial preparation materials.

**REQUEST FOR DOCUMENTS NO.21:**

VR= 2

Any and all documents relating to any training including but not limited to Title VII, discrimination and retaliation training TEAM INDUSTRIAL SERVICES, INC. provided to its employees during Plaintiff's employment.

**REQUEST FOR DOCUMENTS NO.22:**

VR= 6

All reports, notes, depositions, transcriptions, correspondence, or other documents in the custody or control of any expert and prepared by, for, or at the direction of any expert that involve any analysis, examination, testing, or opinions of any expert in consultations or litigation concerning matters that are similar in nature to the incident made the basis of this lawsuit or to the opinions of any expert in this lawsuit.

**REQUEST FOR DOCUMENTS NO.24:**

VR= 4

Produce copies of all letters, notes, electronic mail and correspondence of any type you have in your possession from Plaintiff or any agent of yours regarding her employment and/or the matters made the basis of this lawsuit.

**REQUEST FOR DOCUMENTS NO.25:**

VR= 1

All documents you have subpoenaed from any third party during or in connection with this lawsuit.

**REQUEST FOR DOCUMENTS NO.26:**

VR= 2

Produce any and all documents which support or evidence compensation paid to Plaintiff or paid for Plaintiff's labor including but not limited to, salary, bonuses, per diem pay, and commissions.

**REQUEST FOR DOCUMENTS NO.27:**

VR= 3

Produce a copy of all recorded conversations, affidavits or statements from any witnesses or parties to this case or with any person who may have knowledge of relevant facts.

**REQUEST FOR DOCUMENTS NO.28:**

VR= 6

All documents between Defendants concerning the formation of the employment or work relationship involving Plaintiff including during the interview process, the initial on-boarding and including all positions, titles, salaries and benefits sought, discussed, and approved.

**REQUEST FOR DOCUMENTS NO.30:**

VR= 1

Any and all document which evidence or relate to disciplinary action, oral or in writing, formal or informal, taken against Plaintiff during Plaintiff's entire employment or tenure with you.

**REQUEST FOR DOCUMENTS NO.31:**

VR= 1

All documents and things you or your attorneys have obtained from anyone who is not a party to this lawsuit relating to the claims and allegations in this proceeding.

**REQUEST FOR DOCUMENTS NO.33:** [VR= 5]

All documents which contain statements by Defendants' employees, representatives, officers, agents, or other individuals that support or negate Plaintiff's claims in this lawsuit.

**REQUEST FOR DOCUMENTS NO.34:** [VR= 5]

All documents which contain statements by Defendants' employees, representatives, officers, agents, or other individuals that support or negate your defenses in this lawsuit.

**REQUEST FOR DOCUMENTS NO.35:** [VR= 1]

All documents provided to, reviewed by, relied on or prepared by any individual identified as an expert witness in this case.

**REQUEST FOR DOCUMENTS NO.37:** [VR= 1]

All documents which support, evidence, relate or otherwise pertain to all grievances (by coworkers, customers, supervisors, etc.) that have been expressed or filed either in writing or orally against Plaintiff during Plaintiff's entire employment or tenure.

**REQUEST FOR DOCUMENTS NO.38:** [VR= 1]

Any employment agreements between you and Plaintiff or involving Plaintiff.

**REQUEST FOR DOCUMENTS NO. 42:** [VR= 5]

All correspondence between you and Plaintiff, or involving or referencing Plaintiff related to matters made the basis of this suit, her separation, her hire, her complaints, and her pay.

**REQUEST FOR DOCUMENTS NO. 44:** [VR= 2]

Any and all documents which in any way relate to the identity and location of any person with knowledge of relevant facts concerning Plaintiff's employment with TEAM INDUSTRIAL SERVICES, INC. and matters made the basis of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 45:** [VR= 2]

All documents (including copies of e-mail) and/or recordings constituting or reflecting any correspondence to or communications with or involving any current or former employees of TEAM INDUSTRIAL SERVICES, INC. related to matters made the basis of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 47:** [VR= 1]

Each and every piece of correspondence or other indicia of communication between any third-party and you related to this litigation.

**REQUEST FOR DOCUMENTS NO. 49:** [VR= 1]

All contracts or agreements between any expert and any other party or organization concerning any expert's availability to review claims or litigation as an expert in connection with this litigation.

**REQUEST FOR DOCUMENTS NO. 52:**

VR= 1

Produce a copy of all recorded conversations with any person who may have knowledge of relevant facts.

**REQUEST FOR DOCUMENTS NO. 53:**

VR= 5

All documents concerning Plaintiff's earnings, income, bonuses, sources of income, and all other benefits including but not limited to W-2 forms, 1099 forms, federal income tax returns, pensions, incentive compensation, and medical and life insurance from any source whatsoever.

**REQUEST FOR DOCUMENTS NO. 54:**

VR= 2

Any and all statements from any of TEAM INDUSTRIAL SERVICES, INC. current or former employees or any other person with knowledge of relevant facts concerning any of the matters made the basis of this lawsuit or dealing with Plaintiff's employment or tenure with you.

**REQUEST FOR DOCUMENTS NO. 55:**

VR= 3

Any and all recordings, transcript of recordings, and notes concerning Plaintiff and you.

**REQUEST FOR DOCUMENTS NO. 56:**

VR= 1

All documents concerning any communication by or to you with any third party including all Defendants (except your counsel) regarding matters made the basis of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 57:**

VR= 4
Already responded to

All separation documents, evaluations, disciplinary actions and/or counseling involving Plaintiff.

**REQUEST FOR DOCUMENTS NO. 58:**

VR= 1

Copies of any and all documents (including copies of e-mails) generated by employees or representatives of TEAM INDUSTRIAL SERVICES, INC. that you have produced to your attorney.

**REQUEST FOR DOCUMENTS NO. 59:**

VR= 4
Already responded to

Any and all documents which support, evidence, relate or otherwise pertain to your responses or claims in the Interrogatories above # 1 through 14 save for Interrogatory 15.

**REQUEST FOR DOCUMENTS NO. 60:**

Any and all documents which reflect or set forth the job duties and responsibilities of Plaintiff and the following:
1. Shawn Mullins
2. Steven Pittman
3. Ken Joiner
4. Jeffers Lewis
5. Plaintiff
6. Moses Kormah
7. Adeniyi Buraimoh

VR= 7

VR= 3

**REQUEST FOR DOCUMENTS NO. 61:**
All documents not called for by any other request for production relating to or referring to Plaintiff's employment or tenure at Defendants, your defenses in this suit and/or the subject matter of this lawsuit.

VR= 4

**REQUEST FOR DOCUMENTS NO. 63:**
Any and all documents that evidence, represent, describe or relate to any statements or communications made by any past or present employee of Defendants' relating to matters made the basis of this lawsuit.

VR= 10

**REQUEST FOR DOCUMENTS NO. 64:**
For all former and current employees you intend to call to testify at trial, all documents reflecting their job performance, resumes, work history, pay history, PIPs, demotions, discipline, severance agreements, complaints involving them and/or termination with you.

VR= 1

**REQUEST FOR DOCUMENTS NO. 65:**
All documents describing all benefits sponsored or provided by Defendants in which Plaintiff participated, such as health insurance plan, life insurance plan, stock option plan, incentive pay plan, bonus plan, retirement plan, deferred income plan or any other benefit plan in which Plaintiff participated or in which Plaintiff was eligible to participate.
*This ends the Production of Documents requests.*

## IV.
## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO.1.**
Admit that you have been named properly in this lawsuit as Plaintiff's employer for the purpose of this lawsuit.

**REQUEST FOR ADMISSION NO.2.**

Admit that you have a contractual indemnity agreement under which Defendant's insurance carriers might be liable to satisfy part or all of a judgment for Plaintiff which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment for Plaintiff as may be entered in this action.

**REQUEST FOR ADMISSION NO.3.**

Admit that ARKEMA INC. paid some part of Plaintiff's earnings, if not all.

**REQUEST FOR ADMISSION NO.4.**

Admit that ARKEMA INC. had the ability to recommend to you that Plaintiff be removed from working at ARKEMA INC.

**REQUEST FOR ADMISSION NO.5.**

Admit that ARKEMA INC. requested that Plaintiff be removed from working at ARKEMA INC.

**REQUEST FOR ADMISSION NO.6.**

Admit that you paid Plaintiff an hourly wage.

**REQUEST FOR ADMISSION NO.7.**

Admit that you withheld taxes from Plaintiff's wages.

**REQUEST FOR ADMISSION NO.8.**

Admit that you offered Plaintiff benefits.

**REQUEST FOR ADMISSION NO.9.**

Admit that you removed Plaintiff from working at ARKEMA INC. in March of 2018.

**REQUEST FOR ADMISSION NO.10.**

Admit that you removed Plaintiff from working at ARKEMA INC. in March of 2018 at the request of ARKEMA INC.'S STAFF.
*This ends the Admissions.*

Respectfully submitted,

*/s/ Katrina Patrick*

Katrina Patrick
Attorney-in-Charge
Federal Bar No. 22038
6575 West Loop South, Suite 500
Bellaire, Texas 77401
(713) 796.8218 – Telephone
(281) 399.5537 – Facsimile
katrina@voiceoftheemployees.com

**ATTORNEY FOR PLAINTIFF
DOROTHY DENISE HALL**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that **Plaintiff's First Set of Discovery to TEAM** was forwarded on this 10th day of February, 2020, and pursuant to the electronic filing protocols applicable in the United States District Court for the Southern District of Texas, Houston Division, and that service will be further made in compliance with said protocols.

*/s/ Katrina Patrick*
Katrina Patrick