AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DOROTHY DENISE HALL <br> *Plaintiff* <br> v. <br> ARKEMIA, INC., and TEAM INDUSTRIAL SERVICES, INC. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:19-CV-02164 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Yesenia P. Bertl, 11200 Broadway Street, Ste 2743, Pearland, Texas 77584

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Seyfarth Shaw LLP, 700 Milam Street, Suite 1400, Houston, Texas 77002 | Date and Time: 12/20/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Records not previously produced in response to the attached authorization for release of records.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/17/2021

CLERK OF COURT

_____      OR      _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TEAM INDUSTRIAL SERVICES, INC. _____, who issues or requests this subpoena, are:
Vanessa Rogerrs, Seyfarth Shaw, 700 Milam Street, Ste 1400, Houston, Texas, 77002-23812; (Phone: 713.225.2300)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:19-CV-02164

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOROTHY DENISE HALL, § | |
| § | |
| Plaintiff § | |
| § | |
| § | Case No. 4:19-CV-02164 |
| § | |
| § | |
| § | |
| v. § | |
| § | |
| ARKEMIA, INC. and TEAM § | |
| INDUSTRIAL SERVICES, INC., § | |
| § | |
| Defendants. | |

**NOTICE OF DEPOSITION OF YESENIA BERTL**

TO:  ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant TEAM INDUSTRIAL SERVICES, INC. ("Defendant") will take the deposition of YESENIA BERTL on **December 20, 2021,** commencing at **9:00 a.m.,** at Seyfarth Shaw LLP, 700 Milam Street, Suite 1400, Houston, Texas 77002.

Said deposition will be taken under oath before a certified court reporter and may be recorded stenographically. The deposition may also be videotaped, audio recorded, recorded by RealTime or Live Note transcription.

To the extent the deposition is not completed on the dates set forth herein, it shall continue each consecutive day thereafter until completed (excluding holidays and weekends), unless agreed upon otherwise by the parties.

77070874v.1

DATED: November 17, 2021

Respectfully submitted,
SEYFARTH SHAW LLP

By: _____
Esteban Shardonofsky
State Bar No. 24051323
S.D. of Texas Bar No. 615928
sshardonofsky@seyfarth.com
Vanessa N. Rogers
State Bar No. 24118177
S.D. of Texas Bar no. 3479821
vrogers@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
**ATTORNEYS FOR DEFENDANT**

**TEAM INDUSTRIAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via e-mail and certified mail return receipt requested, on November 17, 2021.

Katrina S. Patrick
Law Offices of Katrina Patrick
6575 West Loop South, Suite 500
Bellaire, TX 77401

*[signature]*

Vanessa N. Rogers

## MEDICAL, PSYCHIATRIC AND PSYCHOLOGICAL RECORDS

TO: Yesenia P. Bertl, 11200 Broadway Street #2743, Pearland, TX 77584

I, **Dorothy Denise Hall**, date of birth 07/12/1991, Social Security Number 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, hereby voluntarily consent, authorize and direct by this authorization (or any photocopy hereof), "any health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment or services to me or on my behalf," including the above named provider(s), to release and disclose to <u>Team Industrial Services, Inc.</u>, and its attorneys, Seyfarth Shaw LLP, by and through its agent(s), my "entire medical record" and/or "complete patient file," including but not limited to the records, documents and/or information listed below:

a) All documents that pertain to my treatment and/or consultation, including but not limited to notes, opinions, reports, summaries, electronic data, correspondence, tests, photographs, slides, x-rays, films, negatives, prints and diagrams, and my complete and entire chart and file(s).

b) All documents pertaining to my mental and/or physical health condition, including but not limited to documents pertaining to any consultation, evaluation, opinions, diagnoses, observation and/or examination of myself.

c) All documents pertaining to my treatment, including but not limited to doctors' notes/instructions, opinions, nurses' notes, emergency room records, correspondence, charts, folders, lists and outpatient records, treatments records, therapy notes and records, insurance claim information, and billing instructions.

d) Any and all bills and invoices pertaining to any medical and/or mental health care, examination or treatment that I received.

e) All documents showing or reflecting payment of any bills or expenses incurred by me for your services, including but not limited to receipts, invoices, and copies of checks.

f) All documents that you consulted or relied upon in my evaluation, treatment or examination, including but not limited to medical treatises, reports, or charts from other physicians.

g) All documents that evidence and/or pertain to any and all prescriptions, medications, and/or treatments that you have prescribed and/or recommended for me.

h) All documents that comprise and/or evidence any and all communications that you have had with me, including but not limited to any notes taken and/or tape recordings and/or video tapes created during meetings with me.

i) All documents that comprise and/or evidence any and all communications between you and my attorney(s) which pertain to me.

j) All documents that comprise and/or evidence any and all communications between you and my employer regarding any work restrictions or leave of absence.

*Medical Authorization*  
60586004v.1

1 of 2

**EXHIBIT A**

k) All documents that comprise and/or evidence any and all communications between you and any individuals (including but not limited to myself) or entities (including but not limited to any federal or state agency) concerning my medical and/or mental health care, treatment and condition.

l) All documents submitted, prepared, signed, agreed to, and/or filed by you regarding claims for benefits of any kind related to any claimed inability by me to perform any duties of her employment.

m) All documents that evidence and/or pertain to any and all referrals you made to me, including but not limited to referrals to another doctor, counselor, psychologist, psychiatrist, marriage, family and child counselor ("MFCC"), licensed clinical social worker ("LCSW"), nurse practitioner, chiropractor, hospital, clinic, or other health or medical facility.

2) I understand that the information in my health records may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome ("AIDS"), or human immunodeficiency virus ("HIV"). It may also include information about behavioral or mental health services, treatment for alcohol and drug abuse, and genetic testing.

3) This authorization pertains, in part, to my claims for emotional distress and alleged injuries resulting from an assault and battery, which are at issue in connection with my pending lawsuit before the Civil Action No. 4:19-CV-02164; *Dorothy Denise Hall v Arkema Inc. and Team Industrial Services, Inc.*; In the United States District Court for the Southern District of Texas.

4) I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the above named provider(s). I understand the revocation will not apply to information that has already been released in reliance on this authorization before the above named provider(s) received my written notice of revocation. Unless otherwise revoked, this authorization will expire one year from the date of my signature below.

5) I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in 45 C.F.R. § 164.524. I understand my disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by the HIPAA Privacy Rule or other federal or state confidentiality rules.

6) A copy of this authorization is as valid as the original.

7) **I understand that before returning this form, I should keep a signed copy for my records by either:** (1) making a photocopy of the signed authorization; or (2) completing and signing the duplicate authorization form I received or printed.

Dated: 5-26-20      Signed: /s/ Dorothy Denise Hall

Medical Authorization                  2 of 2                      **EXHIBIT A**
60586004v.1